## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FAST ADVANCE FUNDING, LLC** | **:** | |
| Plaintiff | **:** | 19-cv_____ |
| | **:** | |
| vs. | **:** | |
| | **:** | |
| **STRUCTURAL SOLUTIONS OF NJ, LLC:** | | |
| **And** | **:** | |
| **SYAY PROPERTIES, LLC** | **:** | COMPLAINT – CIVIL ACTION |
| **And** | **:** | |
| **SHAWN A. YESKO** | **:** | |
| **And** | **:** | |
| **AMY A. YESKO** | **:** | |
| Defendants | | |

## COMPLAINT

1. Plaintiff, Fast Advance Funding, LLC is a limited liability company formed and operating under the laws of the Commonwealth of Pennsylvania, with its primary business address being 20 N. 3rd Street, Philadelphia, PA  19102.

2. Defendant, Structural Solutions of NJ, LLC is a limited liability company formed and operating under the laws of the State of New Jersey, with its primary business address being 1856 Route 9, Toms River, NJ   08755.

3. Defendant, SYAY Properties, LLC is a limited liability company formed and operating under the laws of the State of New Jersey, with its primary business address being 492 Brentwood Avenue, Toms River, NJ   08755.

4. Defendant Shawn A. Yesko, is an individual, citizen and resident of the State of New Jersey with his primary residence being 492 Brentwood Avenue, Toms River, NJ 08755.

5. Defendant Amy A. Yesko, is an individual, citizen and resident of the State of New Jersey with his primary residence being 492 Brentwood Avenue, Toms River, NJ 08755.

## JURISDICTION

6. Plaintiff seeks monetary, injunctive and declaratory relief to secure protection of and to redress deprivation of his rights secured by the First Amendment to the United States Constitution; 42 U.S.C. § 1983; and the Pennsylvania Whistleblower Law, 43 P.S. § 1421, et seq.

7. The Court has jurisdiction of this action pursuant to 28 U.S.C. § §1332 as there is Diversity of Citizenship and the amount in controversy exceeds $75,000.

8. This Court has subject matter jurisdiction under 18 U.S.C. Sections 1341 and 1343 as Mail and Wire Fraud.

9. Venue is proper in this Court pursuant to 28 U.S.C § 1391 (b)(2).

10.     Venue and Jurisdiction was also agreed to in the sole written contract which remains in force governing this matter.

## FACTUAL BACKGROUND

11.     On or about MAY 23, 2017, Plaintiff, FAST ADVANCE FUNDING, LLC entered into an agreement with STRUCTURAL SOLUTIONS OF NJ LLC whereby Plaintiff purchased future receivables of STRUCTURAL SOLUTIONS OF NJ LLC in accordance with the terms of Agreements attached herewith as Exhibit "A".

12.     Individual Defendant, SHAWN YESKO knowingly and voluntarily agreed to act as guarantor for these Agreements (See Exhibits "A").

13.     Defendants Shawn Yesko and Structural Solutions of NJ, LLC failed to tender payments to Plaintiff in accordance with the attached written obligations.

14.     Defendants Shawn Yesko and Structural Solutions of NJ, LLC have breached the warranties and representations present in the Agreements in manners including but not limited to the following, through blocking Plaintiff access to purchased funds, not giving Plaintiff accurate and/or true financial information when applying for the sale of receivables.

**BAD FAITH NEGOTIATIONS OF BY DEFENDANTS SHAWN YESKO and STRUCTURAL SOLUTIONS OF NJ, LLC**

15.     On or about, July 18, 2018, Plaintiff filed a confession of judgment against Defendants, Shawn Yesko and Structural Solutions of NJ, LLC in the amount of $426,942.48 for breaches in the terms of the aforementioned Merchant Cash Advance Agreement.

16.     On or about July 22, 2018, all named Defendants hired the services of attorney Lawrence D. Minasian of Greenburg Minasian, LLC, 80 Main Street – Suite 450, West Orange, New Jersey 07052.

17.     At present time, Mr. Minasian is not a party to this litigation.

18.     Mr. Minasian, on behalf of the Defendants represented to Plaintiff that Defendants Structural Solutons of NJ, LLC and Shawn A. Yesko were on the cusp of receiving a SBA loan which would allow them to satisfy all obligations to Plaintiff within 8 to 10 weeks.

19.     Mr. Minasian even travelled to Plaintiff's offices with Defendant Shawn A. Yesko to negotiate a resolution to the confessed judgment, the existence of which

supposedly would derail the soon to be finalized SBA financing on or about July 22, 2018.

20.     Minasian, with his client present, negotiated a settlement with Plaintiff which was based upon the parties taking the following actions:

   _Plaintiff would vacate its judgment against Defendants Shawn Yesko and Structural Solutions of NJ;

   _Plaintiff would terminate its UCC liens against Defendant Structural Solutions of NJ;

   _Plaintiff would accept an executed mortgage made out to a company affiliated with Plaintiff over the individual Defendants Shawn Yesko and Amy Yesko's residence at 492 Brentwood Avenue, Toms River, NJ  08755;

   _Minasian represented that a fully executed by both Shawn and Amy Yesko would provide Plaintiff with the security it needed;

   _future payments for the obligation to Plaintiff would be made by both Defendants Shawn and Amy Yesko personally;

   _Plaintiff was also to provide a "zero balance letter" regarding remaining obligations of Structural Solutions of NJ to Plaintiff as the individual Defendants were personally providing the payments and security on this obligation.

21.     On behalf of Defendant, Lawrence Minasian assisted in draft the "Zero Balance" letter, the mortgage, and other related documents. (See Exhibit "B")

**FAILURE OF DEFENDANTS' CONSIDERATION**

22.     Defendants have failed to make payments in accordance with their Agreement and presently have a $334,317.48 obligation to Plaintiff.

23.     On or about, August 24, 2018, Defendant, Amy A. Yesko, made a personal wire payment to Plaintiff from her sole personal bank account to keep the account current at that time. (See Exhibit "C" attached herewith).

24.     Defendants never provided Plaintiff with ANY executed mortgage documents.

25.     Defendants Shawn Yesko and Amy Yesko never provided executed Confessions of Judgment to Plaintiff.

26.     At every point where Defendants failed to live up to a material provision of their mutual agreement, Defendants attorney, Lawrence Minasian would represent that it really didn't matter as the SBA loan was close to settlement.

27.     Subsequent to Defendants' default in payments, Plaintiff determine that the Mortgage documents, Defendants' attorney <u>Lawrence Minasian helped prepare could not have possibly given any security interest to Plaintiff as Defendants Shawn A. Yesko and Amy A. Yesko were not the deeded owners of 492 Brentwood Avenue, Toms River, NJ   08755.</u>

28.     Plaintiff determined that since 2010, Defendant SYAY Properties, LLC was in fact the deeded owner of 492 Brentwood Avenue, Toms River, NJ   08755.

29.     Further, Plaintiff determined that SYAY Properties, LLC in a special purpose vehicle business entity owned solely by Defendants Shawn A. Yesko and Amy A. Yesko – a fact they never disclosed to Plaintiff.

30.     Defendants never obtained an SBA loan.

31.     On information and belief, Defendants have used the termination of Plaintiff's UCC lien as an enhancement to obtain other merchant cash advance funds from other companies.

## COUNT I
## FRAUDULENT MISREPRESENTATION
### Plaintiff vs. all named Defendants

32.     All averments contained in the preceding paragraphs are to be incorporated herein as if set forth at full length.

33.     Plaintiff avers that Defendants knowingly misled Plaintiff and had no intention of providing a mortgage or other security to Plaintiff.

34.     Plaintiff avers that Defendants knowingly intended to mislead Plaintiff so as to induce it to terminate its UCC and provide a "Zero Balance Letter".

35.     Defendants knowingly and willfully induced Plaintiff through deceit and misrepresentation to harm its interests and to change its position to benefit Defendants.

36.     At this point in the litigation, Plaintiff is unsure as to whether or not attorney Lawrence Minesian was a party to Defendant's intentional misconduct or whether he was duped along with Plaintiff.

37.     But for Defendants intentional and fraudulent representations, Plaintiff would not have suffered the damages it has suffered.

## COUNT II
## CONSPIRACY TO COMMIT FRAUD
### Plaintiff vs. all named Defendants

38.     All averments contained in the preceding paragraphs are to be incorporated herein as if set forth at full length.

39.    Defendants knowingly acted together and conspired to commit the

aforementioned and described fraudulent acts.

40.    Defendants knowingly and willfully induced Plaintiff through deceit and

misrepresentation to harm its interests and to change its position to benefit Defendants.

41.    But for Defendants intentional and fraudulent representations, Plaintiff

would not have suffered the damages it has suffered.

### COUNT III
### MAIL and WIRE FRAUD under 18 U.S.C. Sections 1341 and 1343
### Plaintiff vs. all named Defendants

42.    All averments contained in the preceding paragraphs are to be incorporated

herein as if set forth at full length.

43.    Defendants and their agents used the United States mail and interstate wire

(email and telephone) in order to perpetrate their fraudulent act upon Plaintiff.

### COUNT III
### BREACH OF CONTRACT
### Plaintiff vs. all named Defendants

44.    All averments contained in the preceding paragraphs are to be

incorporated herein as if set forth at full length.

45.    Defendants failed to abide by the written terms and the oral terms of any

and all agreements with Plaintiff by failure to make the agreed upon payments and by the

knowing failure to provide secured interest in real property to Plaintiff.

**COUNT IV**
**UNJUST ENRICHMENT**
**Plaintiff vs. all named Defendants**

46.  All averments contained in the preceding paragraphs are to be incorporated herein as if set forth at full length.

47. Defendants have been unjustly enriched through their knowing misrepresentations to Plaintiff and have enriched themselves not only by forestalling Plaintiff's prior collection efforts, but by using Plaintiff's termination of UCCs and provision of a "Zero Balance Letter" to obtain capital from other sources.

48.  Defendants' retention of these mis gotten proceeds is unjust

**CLAIM FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief against the Defendants:

a.  Award compensatory damages to Plaintiff;

b.  Award pre-judgment interest to Plaintiff;

c.  Award attorneys' fees and costs to Plaintiff;

d.  Award punitive damages from the individual Defendants; and

e.  Grant such further relief as the Court deems just and proper.

Philadelphia, Pennsylvania
February 13, 2019

Respectfully Submitted,

_____
Norman M. Valz, Esq. (NMV0456)
Counsel for the Plaintiff
PA I.D. No. 61338
490 Norristown Road – Suite 151
Blue Bell, PA  19422
Tel. 215.756.2424